IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-265-BO
No. 5:17-51-CV-BO

| | |
|---|---|
| ANTWAN RALPH BROWN,<br>Petitioner, | )<br>)<br>) |
| v. | )     **ORDER**<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 47] and his motion to appoint counsel [DE 48]. The government has moved to dismiss the petition [DE 54] and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motions are dismissed.

## BACKGROUND

On January 18, 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to counts one and three of his indictment: conspiracy to distribute and possession with intent to distribute two hundred eighty grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Petitioner was sentenced on April 14, 2012 to 240 months' imprisonment on count one and 60 months' imprisonment on count three, to run consecutively. [DE 29]. Petitioner did not appeal his sentence. Later, upon a Rule 35(b) motion by the government, his sentence was reduced to 120 months on count one and 30 months on count two. [DE 40]. On March 21, 2016, pursuant to 18 U.S.C. § 3582(c)(2), petitioner's sentence on count one was further reduced to 96 months.

On May 17, 2017, petitioner filed the instant motion. Petitioner alleges that the Supreme Court's ruling in *Dean v. United States* means that his sentence as to count one may be again further reduced. *See Dean v. United States*, 137 S.Ct. 1170 (2017). He argues that this motion is not untimely because that case had not been decided at the time of his conviction. The government has moved to dismiss petitioner's motion on the grounds that *Dean* does not provide him any avenue for relief.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000)). Petitioner's motion is denied because his motion does not state a claim that is a plausible ground for relief.

*Dean* stands generally to reaffirm a sentencing court's discretion in crafting a just and proportional sentence. *Dean v. United States*, 137 S.Ct. 1170 (2017). Specifically, it deals with the fact that a conviction under § 924(c) carries a mandatory minimum term, and that term must be imposed consecutive to the sentence imposed for the related, underlying offense. *Id.* at 1174. The Court in *Dean* held that this mandatory consecutive provision, and its effect on a defendant's entire sentence, can be considered by the sentencing court when sentencing on the other count or counts. *Id.* at 1176. If the § 924(c) mandatory minimums, which are high—5 years for the first count, and an additional 25 for the second—are enough, in the sentencing court's view, to

2

provide a just sentence, then the court has the discretion to vary the sentence for the predicate offenses. *Id.* at 1177. That sentence can be lowered all the way down to one day, if needed. *Id.* As that day would still be consecutive to the § 924(c) sentence, the statutory sentencing requirements would be followed. *Id.*

Dean, therefore, merited relief because the sentencing judge, as he stated in open court, would have given him much lower sentences on some of his charges than indicated by the guidelines had he believed he had the discretion to do so. *Id.* at 1175.

Several district courts in this circuit have held that *Dean* does not apply retroactively to sentences attacked via § 2255. *See, e.g., United States v. Dean*, 2017 WL 6349834 at *2 (D. S.C. Dec. 13, 2017); *United States v. Adams*, 2017 WL 2829704 at *2 (W.D. Va. June 29, 2017); *Morban-Lopez v. United States*, 2017 WL 2682081 (W.D.N.C. June 21, 2017). The Fourth Circuit has not spoken squarely on the question, but it appears that § 2255 claims under *Dean* may, in some form, exist. *See United States v. Thompson*, 714 Fed. Appx. 288 (4th Cir. 2018) (per curiam) (remanding for the district court to specifically consider petitioner's claim under *Dean*).

If *Dean* provides a new avenue for collateral attack, petitioner here still has no opportunity for relief. When a district court recognizes its own discretion to vary a sentence outside of the sentencing guidelines as envisioned by 18 U.S.C. § 3553(a), *Dean* does not apply, because the problem in *Dean* was the sentencing court's failure to reckon with its own discretion in fashioning a just sentence.

Here, the Court recognized its own discretion three times. First, at the original sentencing, following the government's motion pursuant to U.S.S.G. § 5K1., the Court departed from the minimum guideline of 360 months on count one to a term of 240 months. Second, upon

3

the government's Rule 35(b) motion, the Court decreased the sentence on count one from 240 months to 120 months, and the sentence on count two from 60 months to 30 months. Third, pursuant to 18 U.S.C. § 3582(c)(2), the Court further reduced petitioner's sentence on count one from 120 months to 96 months. Each time, the Court acted within its discretion to fashion a reasonable and proportional sentence. Accordingly, *Dean* does not apply here, and petitioner's motion under § 2255 is denied.

Petitioner has also moved for the appointment of counsel. A movant under § 2255 is not automatically entitled to counsel. *United States v. Dean*, No. 90-6916, 1991 U.S. App. LEXIS 10322, *5 (4th Cir. May 22, 1991) (unpublished) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). More generally, a civil litigant must demonstrate extraordinary circumstances to warrant the appointment of counsel. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Petitioner has not demonstrated that he is entitled to appointment of counsel at this time. For that reason, his motion is denied.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

4

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 54] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 47] is DISMISSED and his motion to appoint counsel [DE 47] is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this _10_ day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE